[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 05-14777
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-00251-CV-HLM-4

CHRIS CASEY,
KIM CASEY,

                                        Plaintiffs-Appellees,

        versus

JERRY LOONEY,
d.b.a.  C & B Garage and Auto Parts,
d.b.a.  Looney Farms Incorporated,

                                        Defendant-Appellant.


-------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
-------------------------------------

**(June 7, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jerry Looney, d/b/a/ C&B Garage and Looney Farms, Inc., appeals a judgment after a bench trial awarding Plaintiff-Appellee Kim Casey $11,742.00 under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq. ("FLSA"). No reversible error has been shown; we affirm.

Plaintiff brought this action alleging that she had worked at C&B Garage but had been paid no wages. C&B Garage was a junk yard that engaged in purchasing automobiles at auction and selling salvaged auto parts. Plaintiff's duties included answering inquiries about parts availability and prices, writing tickets or receipts for sales, writing checks on behalf of C&B for Jerry Looney's signature, and accepting payment from customers. Defendant denied that he employed Plaintiff or that C&B Garage employed Plaintiff. Instead, Defendant claimed that Plaintiff's husband (who also worked at C&B Garage and shared in C&B Garage's sales revenues) hired Plaintiff and she worked only for him.

Observing that FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and defines "to employ" very broadly to mean "to suffer or permit to work," 29 U.S.C. § 203(g), the district court concluded that Plaintiff was an employee of C&B Garage during the relevant period. The district court

2

awarded Plaintiff damages based on the minimum wage payable for a forty-hour work week for the fifty-seven weeks for which Plaintiff received no wages. The district court declined to award overtime damages: Plaintiff came forward with no evidence that her position was one to which the overtime requirements of FLSA would apply.

Defendant persists in his argument that Plaintiff is entitled to no wages because she had no contract of employment with Defendant. But, as the district court explained, a written agreement documenting the terms of employment is no indispensable condition of a FLSA claim. We see no merit in Defendant's position that a FLSA claimant must show a clearly defined contract. The district court's unpaid wage calculation is not clearly erroneous.

The district court opinion states that "C&B's business involved commerce, as C&B purchased cars that previously had moved in interstate commerce and sold parts from those cars to customers," and Plaintiff's job duties involved commerce. FLSA requires an employer to pay minimum wages to employees "engaged in commerce or in the production of goods for commerce" or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce...." 29 U.S.C. § 206(a)(1). Defendant cites us to nothing in the record where Defendant took issue with Plaintiff's satisfaction of the commerce element

3

of FLSA but argues nonetheless on appeal that the record includes no testimony establishing that goods sold through C&B traveled in interstate commerce.

The district court, acting as the trier of fact, found that the cars purchased by C&B Garage had previously moved in interstate commerce. This finding is supported by bill of sale records showing that C&B Garage pulled parts from cars manufactured within and outside Georgia. Defendant shows no reversible error in the district court's conclusion that the minimal effect on interstate commerce required to support a FLSA claim was satisfied. See Marshall v. Victoria Transp. Co., 603 F.2d 1122, 1124 (5th Cir. 1979) ("no [d]e minimis rule applies to [FLSA]; any regular contact with commerce, no matter how small, will result in coverage.).

AFFIRMED.